1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10

11 | JAMES ALGER,                              Case No.:  3:25-cv-02355-H-AHG

12 |                         Plaintiff,        **ORDER GRANTING IN PART**
                                              **JOINT MOTION TO CONTINUE**
13 | v.                                        **EARLY NEUTRAL EVALUATION**
                                              **CONFERENCE AND CASE**
14 | NORTH CITY HOTEL ONE, LLC and             **MANAGEMENT CONFERENCE**
    BRICK HOSPITALITY, INC.,
15 |                                           **[ECF No. 6]**
                           Defendants.
16

17

18

19         Before the Court is the parties' Joint Motion to Continue the Early Neutral

20   Evaluation ("ENE") and Case Management Conference ("CMC") currently set for

21   December 9, 2025. ECF No. 6.

22         Parties seeking to continue an ENE must demonstrate good cause. Chmb.R. at 2

23   (stating that any request for continuance requires "[a] showing of good cause for the

24   request"); ECF No. 5 at 7–8 (same); *see* FED. R. CIV. P. 6(b) ("When an act may or must

25   be done within a specified time, the court may, for good cause, extend the time"). Courts

26   have broad discretion in determining whether there is good cause. *See, e.g.*, *Johnson v.*

27   *Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992); *Olvera v. Citibank, N.A.*,

28   No. 25-cv-789-H-AHG, 2025 U.S. Dist. LEXIS 117769, at *2, *4–*5 (S.D. Cal. June 19,

2025). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson*, 975 F.2d at 609 ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification.... If that party was not diligent, the inquiry should end.").

Here, the parties represent to the Court that they "are making progress in their settlement discussions." ECF No. 6 at 2. The parties explain that they "wish to avoid the time and expense of traveling to the subject premises" to comply with pre-ENE deadlines while they "are working through settlement options." *Id*. The parties contend that "incurring additional attorney fees and costs for meeting ENE deadlines would interfere with settlement progress rather than help it." *Id*.; *see* ECF No. 6-1 at 2 (counsel represents that he believes an extension will enable the parties to reach "resolution of all claims without the additional costs associated with the ENE and meeting the deadlines associated with it"). As such, the parties request a 60-day continuance[1] of the ENE and CMC, and provided a proposed list of dates for the conferences and pre-conference deadlines. ECF No. 6 at 3–4.

The Court appreciates that the parties have been working together, and finds good cause to **GRANT IN PART**[2] the joint motion as follows:

1.    The ENE and CMC scheduled for December 9, 2025, are **RESET** for **February 6, 2026** at **2:00 p.m.** before the Honorable Allison H. Goddard *via videoconference*.

---

[1] The parties seek to continue the "Early Neutral Evaluation, Telephone Status Conferences, In-Person Meet and Confer Deadline, Case Management Conference and Related Deadlines," (*see* ECF No. 6 at 1; ECF No. 6-1 at 2), however, there were no telephonic status conferences set in this matter.

[2] The Court does not have availability on the ENE date requested and, thus, has modified the dates and deadlines proposed by the parties.

2.    **Purpose of the Conference:**  The purpose of the ENE is to permit an informal discussion between the attorneys and the settlement judge of every aspect of the lawsuit in an effort to achieve an early resolution of the case.  All conference discussions will be informal, off the record, and confidential.

3.    **Full Settlement Authority Required:**  A party or party representative with **full and complete authority to enter into a binding settlement** must be present via videoconference. Full authority to settle means that a person must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties.  *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party.  *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003).  One of the purposes of requiring a person with unlimited settlement authority to attend the conference is that the person's view of the case may be altered during the face-to-face conference.  *Id*. at 486.  Limited or sum certain authority is not adequate.  *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001).  **A person who needs to call another person who is not present on the videoconference before agreeing to any settlement does not have full authority.**

4.    All formal discovery is stayed until after the Rule 26(f) conference.

5.    **Meet and Confer Requirement:**  No later than **January 8, 2026**, counsel for the parties, and any unrepresented parties, **must meet and confer in person at the subject premises** regarding settlement of (1) the alleged premise violations, and (2) damages, costs and attorney fees. Plaintiff's counsel is responsible for making arrangements for the conference.  **The meet and confer obligation cannot be satisfied by telephone or the exchange of letters**.

6.    **Joint Statement Required:**  No later than **January 12, 2026**, counsel for all parties shall lodge with Magistrate Judge Goddard's chambers a **joint statement no longer than two (2) pages**, certifying that the required in-person conference between counsel took place and setting forth the results of the meet and confer and the issues remaining to be

discussed at the ENE.   This joint statement should be lodged via email at efile_goddard@casd.uscourts.gov.

7.    Plaintiff's counsel shall be prepared to present documentation to the Court for *in camera* review at the ENE, supporting the amount of attorney fees and costs claimed.

8.    **Confidential ENE Statements Required:**  No later than **January 29, 2026**, the parties shall submit confidential statements of five (5) pages or less directly to the chambers of Magistrate Judge Goddard outlining the nature of the case, the claims, and the defenses.  **These statements shall not be filed or served on opposing counsel.**  They shall be lodged via email at efile_goddard@casd.uscourts.gov.  The ENE statement is limited to **five (5) pages or less. There is not a page limit on exhibits.**  Each party's ENE statement must outline:

      A.    the nature of the case and the claims,

      B.    position on liability or defense,

      C.    position regarding settlement of the case with a **specific**[3] **demand/offer for settlement**,[4] and

      D.    any previous settlement negotiations or mediation efforts.

The Court may use GenAI tools to review the information that the parties submit. Either party may object to the Court's use of such tools by advising the Court's law clerk of that objection when they submit the information. The Court will respect that objection without any further explanation, and the Court's law clerk will only communicate to Judge Goddard that there was an objection, not which party made the objection.

/ /

---

[3] A general statement, such as that a party "will negotiate in good faith," is a <u>not</u> a specific demand or offer.

[4] If a specific demand or offer cannot be made at the time the ENE statement is submitted, then the reasons as to why a demand or offer cannot be made must be stated.  Further, the party must explain when they will be in a position to state a demand or offer.

9.    **Case Management Conference:** In the event the case does not settle at the ENE, the Court will immediately thereafter hold a Case Management Conference ("CMC") pursuant to Fed. R. Civ. P. 16(b).  Thus, the Court therefore **ORDERS** the following to occur before the CMC:

      A.    The parties must meet and confer pursuant to Fed. R. Civ. P. 26(f) no later than **January 14, 2026**.

      B.    The parties must file a Joint Case Management Statement by **January 27, 2026**.  The Joint Case Management Statement must address all points in the "Joint Case Management Statement Requirements for Magistrate Judge Allison H. Goddard," which can be found on the court website at

         https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Joint%20Case%20Management%20Statement%20Rules.pdf

      C.    Initial disclosures pursuant to Rule 26(a)(1)(A-D) must occur by **January 28, 2026**.

10.    **Appearances via Videoconference Required:** All named parties, party representatives, including claims adjusters for insured defendants, as well as principal attorney(s) responsible for the litigation must attend the ENE via videoconference. All who attend the ENE must be legally and factually prepared to discuss and resolve the case. Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be subject to immediate imposition of sanctions. To facilitate the videoconference ENE, the Court hereby orders as follows:

      A.    The Court will use its official Zoom video conferencing account to hold the ENE. **If you are unfamiliar with Zoom:** Zoom is available on computers through a download on the Zoom website (https://zoom.us/meetings) or on mobile devices through the

installation of a free app.[5] Joining a Zoom conference does not require creating a Zoom account, but it does require downloading the .exe file (if using a computer) or the app (if using a mobile device). Participants are encouraged to create an account, install Zoom and familiarize themselves with Zoom in advance of the ENE.[6] There is a cost-free option for creating a Zoom account.

B.    Prior to the start of the ENE, the Court will email each participant an invitation to join a Zoom video conference. Again, if possible, participants are encouraged to use laptops or desktop computers for the videoconference, as mobile devices often offer inferior performance. Participants shall join the video conference by following the ZoomGov Meeting hyperlink in the invitation. **Participants who do not have Zoom already installed on their device when they click on the ZoomGov Meeting hyperlink will be prompted to download and install Zoom before proceeding**. Zoom may then prompt participants to enter the password included in the invitation.

C.    Each participant should plan to join the Zoom video conference **at least five minutes before** the start of the ENE to ensure that the conference begins promptly at 2:00 p.m.

D.    Zoom's functionalities will allow the Court to conduct the ENE as it ordinarily would conduct an in-person one. The Court will divide participants into separate, confidential sessions, which Zoom calls

---

[5] If possible, participants are encouraged to use laptops or desktop computers for the video conference, rather than mobile devices.

[6] For help getting started with Zoom, visit: https://support.zoom.us/hc/en-us/categories/200101697-Getting-Started

Breakout Rooms.[7] In a Breakout Room, the Court will be able to communicate with participants from a single party in confidence. Breakout Rooms will also allow parties and counsel to communicate confidentially without the Court.

E.  No later than **<u>January 29, 2026</u>**, counsel for each party shall send an e-mail to the Court at <u>efile_goddard@casd.uscourts.gov</u> containing the following:

    i.  The **name and title of each participant**, including all parties and party representatives with full settlement authority, claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation;

    ii.  An **e-mail address for each participant** to receive the Zoom videoconference invitation;

    iii.  A **telephone number where each participant** may be reached; and

    iv.  A **cell phone number for that party's preferred point of contact** (and the name of the individual whose cell phone it is) for the Court to use during the ENE to alert counsel via text message that the Court will soon return to that party's Breakout Room, to avoid any unexpected interruptions of confidential discussions.

F.  All participants shall display the same level of professionalism during the ENE and be prepared to devote their full attention to the ENE as if they were attending in person, i.e., cannot be driving or in a car while

---

[7] For more information on what to expect when participating in a Zoom Breakout Room, visit: <u>https://support.zoom.us/hc/en-us/articles/115005769646</u>

speaking to the Court. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the video conference.

G.    Counsel are advised that although the ENE will take place on Zoom, all participants shall appear and conduct themselves as if it is proceeding in a courtroom, i.e., all participants must dress in appropriate courtroom attire.

H.    If the case does not settle during the ENE, the Court will hold the CMC immediately following the ENE with counsel only in the main session.

11.    **The failure of any party to follow these mandatory procedures shall result in the imposition of sanctions.**

12.    Questions regarding this case or these mandatory guidelines may be directed to Judge Goddard's law clerks at (619) 557-6162.  Lodged statements should be emailed to efile_goddard@casd.uscourts.gov.

**IT IS SO ORDERED.**

Dated:  October 31, 2025

Honorable Allison H. Goddard
United States Magistrate Judge

8